# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JESUS FLORES,** | : | CIVIL ACTION NO. 1:CV-14-2108 |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| v. | : | **(Magistrate Judge Blewitt)** |
| | : | |
| **LEHIGH COUNTY CLERK OF COURT,** | : | |
| *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## REPORT AND RECOMMENDATION

**I.     BACKGROUND.**

On November 4, 2014, Plaintiff, Jesus Flores, currently an inmate confined at the State Correctional Institution at Huntingdon ("SCI-Huntingdon"), Huntingdon, Pennsylvania ("PA"), filed, *pro se*, a civil rights Complaint under 42 U.S.C. §1983. (Doc. 1). Plaintiff does not challenge the conditions of his confinement at SCI-Huntingdon. Rather, Plaintiff's constitutional claims relate to his 17-year old (*i.e.*, 1997) Lehigh County Court of Common Pleas criminal case in which Plaintiff was convicted of first degree murder and sentenced to life in prison without parole. Plaintiff cites to *Commonwealth of PA v. Jesus Flores*, Lehigh County Court of Common Pleas criminal docket number CP-39-CR-0003666-1996. Plaintiff names as Defendants the Lehigh County Clerk of Court, Official Court Reporter of Lehigh County, President Judge of Lehigh County Court of Common Pleas, and Lehigh County Court Administrator. Plaintiff states that he is suing all Defendants in both their individual and official capacities.

In his Complaint, Plaintiff is simply seeking a complete copy of the transcripts from his Lehigh County criminal trial and, he requests that this federal Court order Defendants to provide him, free of charge, with the complete copy of his trial transcripts so that he can litigate his post conviction collateral appeal issues in the Lehigh County Court of Common Pleas and in the state appellate courts. Plaintiff does not seek any monetary damages from Defendants.[1]

Plaintiff states that while complete copies of his trial transcripts were loaned to his court appointed counsel on direct appeal and to his court appointed PCRA counsel, his trial transcripts were returned to the Lehigh County Court of Common Pleas when his appeals (both direct and collateral) were completed. Plaintiff states that he never directly received a complete copy of his trial transcripts. Plaintiff also states that he "formally requested that [his] trial transcripts be provided to [him] so that [he] could first, perfect an appeal, of [his] trial conviction, during the post conviction collateral [appeal] process." Plaintiff also states that despite the fact that he is indigent and a ward of the State of PA, and does not have the funds necessary to pay for copies of his trial transcripts, Defendants failed to provide him with the transcripts at no charge. (Doc. 1, pp. 1-6).

Plaintiff claims that the refusal of Defendants to provide him with his trial transcripts at no charge violates his Fourteenth Amendment due process rights since he is unable to litigate a *pro se*

---

[1]We note that Defendants would be entitled to absolute judicial immunity and quasi-judicial immunity with respect to any money damages. *See Stankowski v. Farley*, 487 F. Supp. 2d 543 (M.D. Pa. 2007); *Clark v. Conahan*, 737 F.Supp. 2d 239, 255-56 (M.D. Pa. 2010); *Van Tassel v. Lawrence County Domestic Relations Section*, 659 F.Supp. 2d 672, 696 W.D. Pa. 2009); *Brookhart v. Rohr*, 385 Fed. Appx. 67, 70 (3d Cir. 2010)("judges are absolutely immunized from a suit for money damages arising from their judicial acts.")(citations omitted); *see also Addlespurger v. Corbett*, 461 Fed.Appx. 82, 85-86 (3d Cir. 2012)(The Third Circuit Court stated, "the defendant court administrators are similarly absolutely immunized from a suit for damages under the doctrine of quasi-judicial immunity.").

PCRA Petition and/or a state habeas corpus petition asserting that he was wrongfully convicted and that he is actually innocent of murder. In fact, Plaintiff states he filed two *pro se* PCRA Petitions, one on December 7, 2012, and one on December 28, 2013, and that the Lehigh County Court of Common Pleas, sitting as the PCRA Court, denied his second *pro se* Petition on March 21, 2014. Plaintiff states that his requests for a complete copy of his trial transcripts were repeatedly denied by Defendants even though "they were absolutely necessary to perfect the PCRA and the appeal." Plaintiff also states that "[t]hese trial transcripts are absolutely necessary for Plaintiff to be able to file an accurate and detailed PCRA Petition." (*Id.*).

Plaintiff concludes his Complaint by stating that he cannot properly point out the errors in his Lehigh County criminal case that resulted in his wrongful conviction without his trial transcripts. As relief, Plaintiff only requests this federal Court to order Defendants to provide him with the complete copy of his trial transcripts at no charge. (*Id.*, p. 7).

Also, on November 4, 2014, Plaintiff filed an Application to Proceed *In Forma Pauperis*. (Doc. 2). Plaintiff did not file the proper Application to Proceed *In Forma Pauperis* and the proper Authorization form used by this Court. A 30-day Administrative Order was issued directing Plaintiff to pay the filing fee or to file the proper Application to Proceed *In Forma Pauperis*. (Doc. 6). On November 17, 2014, Plaintiff filed the proper Application to Proceed *In Forma Pauperis*. (Doc. 7).

This Court has jurisdiction over Plaintiff's civil rights action pursuant to 28 U.S.C. § 1331 and §1343(a). However, we find that venue is not proper in this Court since Defendants are not located in Middle District of Pennsylvania and since none of the events or issues giving rise to Plaintiff's claims occurred in the Middle District of Pennsylvania. *See* 28 U.S.C. §1391(b).

To date, Defendants have not been served with Plaintiff 's Complaint. We will now screen Plaintiff's Complaint as required by the Prison Litigation Reform Act. *See Banks v. County of Allegheny*, 568 F.Supp.2d 579, 587-88 (W.D. Pa. 2008). Even though Plaintiff, who is an inmate, is not complaining about prison conditions, his Complaint is still subject to screening since he filed an *in forma pauperis* motion. *See Palencar v. Cobler Realty Advisors*, Civil No. 09-0325, M.D. Pa., 7-24-09 slip op. pp. 5-6; *Klatch-Maynard v. ENT Surgical Associates*, Civil No. 09-1963, M.D. Pa., 2009 WL 5743182 (M.D. Pa. Dec. 9, 2009), affirmed 404 Fed.Appx. 581 (3d Cir. 2010). Thus, § 1915(e) obligates the Court to engage in a screening process when a person wishes to proceed *in forma pauperis* pursuant to 28 U.S.C.§ 1915. *See McCain v. Episcopal Hosp*., 350 Fed.Appx. at 604. Section 1915(e)(2) applies to all *in forma pauperis* complaints, and not just to prisoners. *See Grayson v. Mayview State Hosp*., 293 F3d 103, 110 n. 10 (3d Cir. 2002); *Lopez v. Smith*, 203 F. 3d 1122, 1129 (9th Cir. 2000).

The Court uses the standard for a Rule 12(b)(6) Motion to Dismiss to screen a Complaint. *See Banks v. County of Allegheny, supra*.

**II.    MOTION TO DISMISS STANDARD.**

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), this Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that

4

states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
>
> *Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " Guirguis v. Movers Specialty Services, Inc., No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (quoting *Twombly*, 550 U.S. at 555) (not precedential).

## III. SECTION 1983 STANDARD.

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002). *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v. Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983.").

"In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660 (citations omitted).

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id.* Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's

6

claims are based. *Id*. As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id*. Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.

## IV.    DISCUSSION.

Plaintiff Flores claims that his Fourteenth Amendment due process rights were violated since Defendants refused to provide him with free copies of his trial transcripts when he filed his *pro se* PCRA Petitions over 16 years (*i.e.*, March 1997 to December 2013) after his Lehigh County Court conviction for first degree murder and life imprisonment sentence. Plaintiff admits that both his court appointed counsel on direct appeal and his court appointed PCRA counsel were provided with his complete trial transcripts and that he did not prevail in his appeals in the state court. Plaintiff states that after his direct appeals and collateral appeals were completed, the copies his trial transcripts which were loaned to his court appointed counsel were returned to the Lehigh County Court. Plaintiff states that he never directly received copies of his trial transcripts. Plaintiff contends that he now needs free copies of his trial transcripts to perfect his *pro se* collateral appeals and habeas claims.

In liberally construing the *pro se* Plaintiff's Complaint, as we must, we find that his main

claim is a denial of access to the court claim under the First and Fourteenth Amendments.[2] *See Lewis v. Casey,* 518 U.S. 343, 116 S.Ct. 2174 (1996)(Inmates have a constitutional rights of access to the courts under the First and Fourteenth Amendments.); *Saunders v. Phila. Dist. Attorney's Office*, 546 Fed.Appx. 68 (3d Cir. 2013)(Plaintiff claimed that Defendants failed to provide him with complete transcripts as he requested and that this violated his First amendment right to access the courts.). Plaintiff also raises a due process claim under the Fourteenth Amendment.

Plaintiff Flores admits that during his direct and collateral appeals he was represented by court appointed counsel who were provided his complete copies of his trial transcripts. Plaintiff also admits that his counsel fully litigated his claims in state court on direct appeal with his complete trial transcripts and did not prevail. Plaintiff further admits that his PCRA counsel fully litigated his claims in state court on collateral appeal with his complete trial transcripts and did not prevail. (Doc. 1, p. 3). Plaintiff then states that he then filed two *pro se* PCRA Petitions, on December 7, 2012, and on December 28, 2013, and requested complete copies of his trial transcripts at no charge. Plaintiff indicates that his December 28, 2013 PCRA Petition was denied by the Lehigh County Court, sitting as the PCRA Court, on March 21, 2014. Plaintiff states that the transcripts were not provided to him with respect to his two *pro se* PCRA Petitions. Plaintiff claims that he notified the Lehigh County Court, sitting as the PCRA Court, in January 2012, that he was actually innocent of murdering Barry Bergey since an eyewitness to the murder, namely, George Cornell,

---

[2]We note that "because [Plaintiff] filed his complaint *pro se*, we must liberally construe his pleadings, and we will apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003)(citations omitted).

was made known to Plaintiff by a person named Eksess T. Vane.  Plaintiff states that Cornell could have verified that he did not shoot Bergey. Plaintiff states that "[e]ven after receiving this information concerning George Cornell from Eksess T. Vane, and filing this information with the PCRA Court, the Defendants refused to provide the Plaintiff with a set of trial transcripts."   (*Id*., p. 4).

We find that to the extent Plaintiff is raising a denial of access to courts claim under the First and Fourteenth Amendments against Defendants unnamed Lehigh County Court President Judge, Court Reporter, Clerk of Court and Court Administrator, he fails to state a claim.   In *Christopher v. Harbury*, 536 U.S. 403, 122 S.Ct. 2179, (2002), the Supreme Court established certain criteria for a plaintiff to properly allege a cognizable denial of access to the courts claim.  Specifically, to properly state a claim for denial of access to courts, the Supreme Court in  *Christopher*, 536 U.S. at 415, stated that the Plaintiff must allege the following:  1) a non-frivolous, underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit.  "To prevail on [a denial of access to courts] claim, a Plaintiff must show that the denial of access caused actual injury; for instance, that he lost a 'nonfrivolous' and 'arguable' claim." *Agarwal v. Schuylkill County Tax Claim Bureau*, 442 Fed.Appx. 733, 737 (3d Cir. 2011)(citing *Christopher v. Harbury*, 536 U.S. 403, 415, 122 S.Ct. 2179 (2002)). Thus, "[t]o state an access-to-the-courts claim, a Plaintiff must 'allege actual injury, such as the loss or rejection of a legal claim,' ..., as well as show that this lost or rejected legal claim is non-frivolous or arguable, ... ." *Saunders v. Phila. Dist. Attorney's Office*, 546 Fed.Appx. at 72  (Internal citations omitted).

Based on the detailed allegations of the instant Complaint, we find that Plaintiff Flores has failed to state sufficient facts with respect to his First Amendment denial of access to the courts claim, since he has not alleged an actual injury to any meritorious claim. It is not clear how Plaintiff's trial transcripts would provide support that Cornell would verify that the person who shot the decedent (Bergey) was not the Plaintiff. Plaintiff simply alleges that he received the information about Cornell (which appears to be hearsay) from Vane in January 2012. In fact, Plaintiff seems to indicate that Cornell, an alleged eyewitness to the shooting of Bergey, did not testify at his trial. Nor does Plaintiff explain how he needs his trial transcripts to raise his claim of actual innocence based on evidence about Cornell he newly discovered in January 2012. As such, Plaintiff Flores has not demonstrated that he was precluded from raising his new evidence by reason of his failure to have his trial transcripts. Thus, Plaintiff's Complaint does not sufficiently describe any remedy that has been lost due to the failure of Defendants to provide him with this trial transcripts.

Moreover, we do not find that Plaintiff has a constitutional right to a personal copy of his trial transcripts. *See Vega v. Miller*, 2012 WL 6709642, *3 n. 5 (E.D.Pa. Dec. 27, 2012)(citing *Gay v. Watkins*, 579 F.Supp. 1019, 1021 (E.D.Pa. 1984)). In *Oliver v. Zimmerman*, 720 F.2d 766, 770 (3d Cir. 1983)(citations omitted), the Court held that "[w]here an indigent Defendant is implicated in a criminal trial, the court must, on request, provide the Defendant with a trial transcript or an equivalent thereof in order that he may properly prosecute an appeal." In the present case, as discussed, Plaintiff readily admits that his court appointed counsel in his direct and collateral appeals were provided complete copies of his trial transcripts. Thus, Plaintiff was not denied complete copies of his trial transcripts since they were provided to his lawyers and his lawyers had

the transcripts for preparation of his direct and collateral appeals before the state courts. Therefore, as in the *Gay* case, it appears that our Defendants satisfied Plaintiff's constitutional right to his transcript by providing complete copies of his trial transcripts to his lawyers.

Further, "[a] request for a free trial transcript is not a matter of right unless an individual is pursuing a direct appeal of his criminal conviction. *Vega v. Miller*, 2012 WL 6709642, *3(citing *United States v. MacCollom*, 426 U.S. 317, 324-25, 96 S.Ct. 2086 (1976)). Plaintiff Flores is clearly not pursuing a direct appeal of his 1997 Lehigh County Court first degree murder conviction and life-imprisonment sentence. At bottom, under the alleged facts of the present case, we find that Plaintiff Flores does not have a constitutionally protected right to free trial transcripts. *Id*. We also find that Plaintiff has failed to allege any injury resulting from the Defendants' refusals to provide him with his trial transcripts to pursue his *pro se* PRCA Petitions.

Additionally, Plaintiff Flores has failed to properly allege the personal involvement of any Defendant with respect to his constitutional claims as required. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). Plaintiff does not specify what any of the four unnamed Defendants personally did violate his constitutional rights.

Insofar as Plaintiff also claims that Defendants violated his due process rights, "due process requires that the Commonwealth make available 'a record of sufficient completeness to permit proper consideration of [an indigent's] claims.'" *Saunders v. Phila. Dist. Attorney's Office*, 546 Fed.Appx. at 72 (citing Mayer v. City of Chicago, 404 U.S. 189, 194, 92 S.Ct. 410 (1971)). The Third Circuit Court in *Saunders v. Phila. Dist. Attorney's Office*, 546 Fed.Appx. at 72, also stated that "neither the Supreme Court, nor our Court, has held that due process requires a verbatim transcript

11

of the entire proceedings or that an incomplete record confers automatic entitlement to relief." *Id.*(quoting *Fahy v. Horn*, 516 F.3d 169, 190 (3d Cir. 2008)).

In the present case, Plaintiff's direct appeal and collateral appeal lawyers were provided with the complete trial transcripts from Plaintiff's Lehigh County Court criminal case. Plaintiff only claims that his requests to directly provide him, free of charge, with his complete trial transcripts over 16 years after his conviction and sentence have been denied by Defendants. Plaintiff alleges that when he filed his two *pro se* PCRA Petitions in December 2012, and in December 2013, he requested his complete trial transcripts but he was not provided with his transcripts. Plaintiff states that his *pro se* appeals had to proceed "without the benefit of the transcripts." (Doc. 1, p. 4). As in the *Saunders* case, Plaintiff Flores' "Complaint did not allege facts indicating that the reviewing [state] courts lacked a record of sufficient completeness to consider his claims." 546 Fed.Appx. at 72-73. Further, the state court, *i.e.*, the Lehigh County Court sitting as the PCRA Court, would have had access to the Plaintiff's trial transcripts when Plaintiff filed his two *pro se* PCRA Petitions. Therefore, we find that Plaintiff Flores has not sufficiently stated a due process claim. *See Saunders v. Phila. Dist. Attorney's Office*, 546 Fed.Appx. at 72-73.

The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless the Court finds bad faith, undue delay, prejudice, or futility. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004). Based upon the above, it is not clear if it would be futile to allow Plaintiff Flores to file an amended Complaint. Thus, we shall recommend that Plaintiff's Complaint be dismissed without prejudice. However,

we shall also recommend that Plaintiff's case be transferred to the District Court in the Eastern District of Pennsylvania where the Defendants are located and where all of the operative events giving rise to Plaintiff's claims occurred.

Specifically, we find that for the convenience of the parties and in the interests of justice the Court should transfer Plaintiff's case to the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1404(a).

Plaintiff is an inmate at SCI-Huntingdon, which is located in the Middle District of Pennsylvania. Defendants are located in the Eastern District of Pennsylvania, and the constitutional violations which Plaintiff alleges occurred in the Eastern District of Pennsylvania. All of the records and witnesses (except for Plaintiff) are located in the Eastern District of Pennsylvania. It appears that Plaintiff filed his present action in the Middle District of Pennsylvania simply because Plaintiff is confined in the Middle District. Also, for the convenience of the parties and in the interests of judicial economy, we find that this case should be transferred to the federal court in the Eastern District of Pennsylvania where Defendants are located as well as the relevant records.

We find that the Middle District of Pennsylvania is not a proper venue for Plaintiff's case. Thus, we will recommend that Plaintiff's constitutional claims against Defendants be transferred to the District Court for the Eastern District of Pennsylvania, since this is the proper venue and the more convenient forum regarding these claims, pursuant to 28 U.S.C. §1331(b) and §1404(a). The District Court of the Eastern District of Pennsylvania clearly would have jurisdiction over Plaintiff's claim, since all Defendants reside in the Eastern District of Pennsylvania. *See* 28 U.S.C. §1391(b). Further, we find that all of the events giving rise to Plaintiff's constitutional claims occurred in the

Eastern District of Pennsylvania, where Defendants reside and where Plaintiff submitted his *pro se* PCRA Petitions and made his requests for a free copy of his trial transcripts.

Title 28 U.S.C. §1391(b) provides that:

A civil action may be brought in —
(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which the action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

As mentioned, we find that venue, under 28 U.S.C. §1391(b), regarding Plaintiff's constitutional claims against the Lehigh County Defendants is not proper in the Middle District of Pennsylvania, and that venue is proper in the Eastern District of Pennsylvania. *See Simon v. Ward*, 80 F.Supp.2d 464, 468 (E.D. Pa. 2000).

A court may transfer any civil action for the convenience of the parties or witnesses, or in the interests of justice, to any district where the action might have been brought. 28 U.S.C. §1404(a).

Additionally, we find that Plaintiff's Complaint as against the Lehigh County Defendants should be transferred to the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §1404(a), since the Eastern District is the more convenient forum, with respect to all of Plaintiff's constitutional claims against the Lehigh County Defendants. *See Simon v. Ward,* 80 F.Supp.2d 470-71.

The *Simon* Court, quoting *Jumara v. State Farm Ins. Co.*, 55 F. 3d 873, 879-880 (3d Cir. 1995), stated that the Third Circuit Court considers the following factors in deciding whether to

transfer a case to another district:

> [1] the plaintiff's forum preference ... ; [2] the defendant's preference; [3] whether the claim arose elsewhere; [4] the convenience of the parties ... ; [5] the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; [6] the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum); [7] the enforceability of the judgment; [8] practical considerations that could make the trial easy, expeditious, or inexpensive; [9] the relative administrative difficulty in the two fora resulting from court congestion; [10] the local interest in deciding local controversies at home; [11] the public policies of the fora; and [12] the familiarity of the trial judge with the applicable state law in diversity cases.

*Jumara v. State Farm Ins. Co.*, 55 F. 3d 873, 879-880 (3d Cir. 1995).

We find that, based on the above analysis of the relevant factors as they pertain to the instant case, they all weigh in favor of transferring all of Plaintiff's claims against the Lehigh County Defendants, which arose in the Eastern District of Pennsylvania and which relate to his Lehigh County Court conviction and sentence, to the Eastern District of Pennsylvania.

All of Plaintiff's claims challenging his Lehigh County Court conviction and sentence and claims with respect to his actual innocence are within the jurisdiction of the Eastern District of Pennsylvania. Furthermore, none of the Lehigh County Defendants are located in the Middle District of Pennsylvania. None of these Defendants are alleged to have any contacts with the Middle District of Pennsylvania. Further, all of the records concerning Plaintiff's claims challenging his Lehigh County Court conviction and sentence are located in the Eastern District of Pennsylvania along with any potential witnesses. Thus, none of the Lehigh County Defendants, none of the witnesses (except for Plaintiff) and none of the records regarding Plaintiff's claims challenging his Lehigh County Court conviction and sentence are located in the Middle District of Pennsylvania.

We find that even though Plaintiff is confined in the Middle District of Pennsylvania and he chose this Court as his forum, all of the conduct allegedly violating the First and Fourteenth Amendments occurred in Lehigh County.  Specifically, we find that all of the operative facts giving rise to Plaintiff's constitutional claim occurred in the Eastern District of Pennsylvania, when he allegedly made his repeated requests for his trial transcripts to Defendants and, that all of the relevant documents and records are located in the Eastern District of Pennsylvania. Thus, we find that Plaintiff's choice of forum is not entitled to significant deference. *See Smith v. HireRight Solutions, Inc.*, 2010 WL 2270541, *3(citations omitted).

Therefore, for the convenience of the parties and in the interest of justice, we will respectfully recommend that this case as against the Lehigh County Defendants be transferred to the Eastern District of Pennsylvania, the proper forum. *See Jumara v. State Farm Ins. Co.*, 55 F. 3d 873, 878 (3d Cir. 1995); *Lafferty v. St. Riel*, 495 F. 3d 72 (3d Cir. 2007).

We will recommend that Plaintiff's Complaint (Doc. 1) against Defendants be dismissed without prejudice and that this case be transferred to the District Court for the Eastern District of Pennsylvania.  Furthermore, we will recommend that the Court defer to the transferee court for ruling on Plaintiff's Application to Proceed *in forma pauperis*.  (Doc. 7).

## V. RECOMMENDATION.

Based on the foregoing, it is respectfully recommended that Plaintiff's Complaint **(Doc. 1)** against Defendants be dismissed without prejudice and, that this case be transferred to the District Court for the Eastern District of Pennsylvania. It is also recommended that Plaintiff's *in forma pauperis* Motion **(Doc. 7)** be decided by the District Court for the Eastern District of Pennsylvania.


**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: November 20, 2014**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JESUS FLORES,** | : | **CIVIL ACTION NO. 1:CV-14-2108** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| v. | : | **(Magistrate Judge Blewitt)** |
| | : | |
| **LEHIGH COUNTY CLERK OF COURT,** | : | |
| *et al.*, | : | |
| | : | |
| **Defendants** | : | |

### NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **November 20 2014.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however,

need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

                                                s/ Thomas M. Blewitt  
                                                **THOMAS M. BLEWITT**  
                                                **United States Magistrate Judge**

**Dated: November 20, 2014**